**NOTICE**

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 190173-U

NO. 4-19-0173

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 14, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Macon County |
| ALBERT KIMBER, | ) | No. 18CF883 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: When considering the State's appeal, the appellate court determined the trial court abused its discretion in finding the prejudicial effect of other-crimes evidence would be outweighed by the probative value thereof during the anticipated bench trial.

¶ 2    In June 2018, the State charged defendant with one count of aggravated stalking and one count of unlawful violation of an order of protection. In October 2018, prior to the start of defendant's bench trial, the trial court ruled the State was prohibited from introducing other-bad-acts evidence against defendant, finding the prejudicial effect outweighed the probative value of such evidence. The State filed a certificate of impairment and an appeal. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4		On June 15, 2018, the State filed a two-count information, charging defendant with aggravated stalking (720 ILCS 5/12-7.4(a)(3) (West 2016); 720 ILCS 5/12-7.3(a)(1), (a)(2) (West 2016)) (count I) and unlawful violation of an order of protection (720 ILCS 5/12-3.4(a)(1) (West 2016)) (count II). In count I, the State alleged defendant committed aggravated stalking between June 12, 2018, and June 13, 2018, when he engaged in an unspecified course of conduct (although it is apparent from the record the State was referring to text messages) directed at Nancy E. Phillips, when he knew or should have known, that his conduct would cause a reasonable person to fear for her or another person's safety or suffer other emotional distress. The State also alleged that in the course of his conduct, defendant violated a Moultrie County order of protection (case No. 18-OP-34) served upon him on June 12, 2018.

¶ 5		In count II, the State alleged defendant committed the offense of unlawful violation of an order of protection on or about June 13, 2018, when he knowingly committed an unspecified act (again, apparently the State was referring to texting Phillips) which was prohibited by the Moultrie County order of protection when he "made contact with the petitioner, Nancy E. Phillips."

¶ 6		According to the evidence presented at the preliminary hearing before the Honorable Rodney S. Forbes, on July 18, 2018, defendant forced his way into the home of his ex-girlfriend, Phillips. At the home with Phillips was her ex-husband, Michael Christie. At the time, defendant was armed with a handgun and fired shots inside and outside of the residence. He held the gun to Phillips's head. Phillips and Christie escaped from the home, and the police engaged in a lengthy stand-off with defendant until he eventually surrendered. Defendant told the police he intended to die by "suicide by cop." Defendant was arrested and posted bond on June 12, 2018, a condition of which was to have no contact with Phillips or Christie. Immediately upon his release, defendant texted Christie from defendant's brother's phone. The text read:

> "$5000 to get out of jail, $350 to get truck back, $650 for a new phone because the cops destroyed mine, facing 5 years in prison and a heart that's been ripped to shreds repeatedly. Thanks for everything. I hope you're happy. You completely destroyed my life[.]"

¶ 7    Phillips obtained the Moultrie County order of protection on June 12, 2018. Defendant was served with a copy of the order of protection the same day. On June 13, 2018, while Phillips was in Decatur, she received a text message from an unknown number. This text message read: "Quit trying to cause trouble for me, don't you think you've done enough damage[?]"

¶ 8    The Piatt County sheriff contacted defendant, who admitted sending both text messages, and verified the phones he used to send the messages. According to the police, Phillips was distraught and in extreme fear as a result of defendant's "course of conduct." The trial court took judicial notice of Christie's petition for an order of protection against defendant in Macon County case No. 18-OP-274 (order issued on June 15, 2018). The court found sufficient probable cause; defendant pleaded not guilty. The bench trial was scheduled for October 19, 2018, before the Honorable Jeffrey S. Geisler.

¶ 9    On October 16, 2018, the State filed a "Notice of Intent to Introduce Other-Acts Evidence Pursuant to 725 ILCS 5/115-7.4 [(West 2016)]". The State indicated it intended to introduce evidence of defendant's admitted strangulation of Phillips in April 2018 and his admitted home invasion on June 11, 2018,

> "to show the defendant's knowledge that his course of conduct [(sending the two text messages)] would cause the recipient to fear for her safety or suffer emotional distress and to show why it would cause fear or distress. Without consideration of these prior events, the court would be operating in a vacuum[,] free from the

necessary background to understand why this continued aggressive contact[,] in violation of the order of protection[,] would cause fear or distress or that the defendant knew it would cause fear or distress."

The State indicated it had provided defendant with copies of the police reports associated with each prior event in its initial discovery.

¶ 10    With regard to the prior strangulation and home invasion, the State sought to introduce the following evidence: (1) on June 11, 2018, Christie was staying with Phillips in her home because she feared for her safety; (2) defendant broke into the residence and held a gun to Phillips's head; (3) during defendant's police interview after his arrest, he admitted he had strangled Phillips in April 2018 with enough force "for her to know that he was serious"; (4) when he went to Phillips's home on June 11, 2018, defendant intended to kill Phillips before killing himself but, then changed his mind and intended to commit suicide; and (5) defendant had also planned alternatively to die "suicide by cop." The State claimed this evidence would demonstrate defendant's knowledge that, based on his course of conduct, his text messages would cause Phillips to fear for her safety or suffer emotional distress as required by the aggravated stalking statute.

¶ 11    In response, defendant filed a "Motion to Bar Other-Acts Evidence," asserting five reasons why the prior acts should not be admitted into evidence. First, he claimed the alleged strangulation in April 2018 and the alleged home invasion in June 2018 were "irrelevant, highly prejudicial[,] and inflammatory." Second, he claimed the admission of such evidence would "open the door" to the admission of numerous other events that had occurred throughout the parties' one-year dating relationship. As an example, defendant claimed he would introduce evidence tending to demonstrate Phillips had no reason to be fearful of defendant and that, on occasion, she was the aggressor. Third, defendant claimed section 115-7.4 of the Code of Criminal Procedure of 1963

(Procedure Code) did not apply because he had not been charged with an "offense of domestic violence" as required by this statutory section. Fourth, he claimed the State's notice was untimely. And fifth, he claimed the section of the Criminal Code under which he had been charged with stalking had been declared unconstitutional by our supreme court in *People v. Relerford*, 2017 IL 121094.

¶ 12        At the hearing, the State acknowledged its error in citing to section 115-7.4 of the Procedure Code (725 ILCS 5/115-7.4 (West 2016)), since admittedly this case did not involve an offense of domestic violence. Instead, the State intended to rely upon Illinois Rule of Evidence 404(b) (eff. Jan. 1, 2011) in support of its position. After considering the parties' respective arguments regarding the admission of these prior events, the trial court, Judge Geisler, barred the evidence, finding the prejudicial effect outweighed the probative value. The court did not immediately rule on the *Relerford* issue regarding the statute's constitutionality but instead, took the matter under advisement. The State filed a certificate of impairment and a notice of interlocutory appeal.

¶ 13        This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15        The State appeals, arguing the trial court erred in denying the State's request to admit other-bad-acts evidence pursuant to Rule 404(b). In particular, the State claims the court erred by (1) applying an incorrect standard during its analysis and (2) abusing its discretion when it found the prejudicial effect outweighed the probative value.

¶ 16        Before addressing the merits of this appeal, we must determine whether this court has jurisdiction, as we have an independent duty to do so. *Bauman v. Patterson*, 2018 IL App (4th) 170169, ¶ 26. The State contends our jurisdiction is governed by Illinois Supreme Court Rule

604(a)(1) (eff. July 1, 2017), the rule allowing the State to appeal from an "order or judgment the substantive effect of which results in *** suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017). Defendant claims this court is without jurisdiction pursuant to Rule 606(b) (eff. July 1, 2017) because the trial court did not rule on all pending matters, such as the *Releford* issue.

¶ 17 Contrary to defendant's assertion, this court finds the *Releford* issue raised by defendant and included in his motion to bar other-bad-acts evidence was separate and distinct from the suppression issue. Although the constitutionality of the charging statute may be dependent on the outcome of the suppression issue, it is not a basis for or against suppression. *Cf. People v. Rembert*, 89 Ill. App. 3d 371, 374-75 (1980); *People v. Smith*, 232 Ill. App. 3d 121, 127 (1992); *People v. Walensky*, 286 Ill. App. 3d 82, 90 (1996) (the State was not allowed to appeal until the trial court ruled on all requested relief related to *suppression*). The fact the issue was included in defendant's motion to exclude evidence is of no consequence.

¶ 18 The substantive effect of a trial court's pretrial order, not the label of the order or its underlying motion, controls appealability under Rule 604(a)(1). *People v. Drum*, 194 Ill. 2d 485, 489 (2000). When an order prevents information from being presented to the fact finder, evidence is suppressed, and the State may appeal that order. *Drum*, 194 Ill. 2d at 492.

¶ 19 Evidence of other crimes, wrongs, or acts is admissible if it is relevant for any purpose other than to show the defendant's propensity to commit crime. *People v. Wilson*, 214 Ill. 2d 127, 135 (2005). Thus, the first question is whether the evidence is relevant and, if so, whether it is more prejudicial than probative. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ill. R. Evid. 401 (eff. Jan. 1, 2011). To establish the relevance of a piece of evidence the proponent must: (1) identify the fact

that it is seeking to prove with the evidence, (2) explain how that fact is of consequence, and (3) show how the evidence tends to make the existence of this fact more or less probable than it would be without the evidence. *People v. Maldonado*, 402 Ill. App. 3d 411, 418 (2010).

¶ 20 Other-crimes "evidence may also be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ill. R. Evid. 404(b) (eff. Jan. 1, 2011). However, relevant other-crimes evidence may be excluded if its prejudicial effect substantially outweighs its probative value. *People v. Illgen*, 145 Ill. 2d 353, 365 (1991). The admissibility of other-crimes evidence is within the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of discretion. *Wilson*, 214 Ill. 2d at 136. An abuse of discretion occurs when the trial court's ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Illgen*, 145 Ill. 2d at 364.

¶ 21 To successfully prosecute defendant on the pending aggravated-stalking charge, the State must prove defendant (1) committed the offense of stalking and (2) violated an order of protection. 720 ILCS 5/12-7.4 (a)(3) (West 2016). In order to prove defendant committed stalking, the State must prove defendant (1) knowingly engaged in a course of conduct directed at a specific person and (2) knew or should have known that this course of conduct would cause a reasonable person to fear for her safety or suffer emotional distress. 720 ILCS 5/12-7.3(a)(1), (a)(2) (West 2016). The State argues it cannot prove the knowledge element without properly setting the stage. That is, the State claims it cannot prove defendant "knew or should have known" his text messages would cause Phillips to fear for her safety or suffer emotional distress without introducing the fact defendant had previously committed home invasion and/or strangled Phillips. According to the

State, these prior bad acts provided the necessary context for the otherwise seemingly innocent text messages.

¶ 22      Defendant claims neither incident is relevant to the aggravated-stalking charge and the admission of these acts would be highly prejudicial.

¶ 23      The status and circumstances of defendant's relationship with Phillips is relevant to defendant's state of mind at the time he sent the text messages. Evidence of their past experiences, physical altercations, and threats would tend to prove a fact in issue—defendant's *mens rea*. These circumstances would advance the State's theory at trial that the volatile status of their relationship motivated defendant to send the text messages to Phillips, allegedly knowing they would cause her to fear for her safety and suffer emotional distress. However, defendant is not on trial in this case for home invasion or domestic battery. Therefore, the issue is whether evidence of those collateral crimes is relevant to the aggravated stalking charge for a reason other than to prove defendant's propensity to commit crimes. See *People v. Lindgren*, 79 Ill. 2d 129, 137 (1980).

¶ 24      We find the evidence of these prior bad acts *is* relevant to prove something other than propensity; namely, whether defendant possessed the mental state required to prove his guilt of aggravated stalking. The admission of this other evidence should be limited to establish only whether defendant knew or should have known the effect the text messages would have had on Phillips.

¶ 25      We are confident the evidence can be limited in such a way because the evidence will be presented to the judge as the trier of fact. We find the probative value is greater than the prejudicial effect in this case because we assume the trial judge, rather than a jury, is capable of three things. First, the court must limit the effect of the evidence. *Id.* at 140 (when the case is tried

by the court, not a jury, the admission of other-crimes evidence is less likely to have a prejudicial impact). Second, the court must prevent a mini-trial on the other crimes. *People v. Bartall*, 98 Ill. 2d 294, 315 (1983) (advising against the admission of such detailed evidence of other crimes so as to prevent a mini-trial). And third, the court must maintain the focus of the trial on the crime charged. *People v. Felton*, 2019 IL App (3d) 150595, ¶ 44 (any increased amount and accumulation of other-crimes evidence will likewise increase the prejudicial effect of that evidence).

¶ 26        As the *Felton* court noted:

"The risk of undue prejudice normally accompanying the admission of large amounts of other-crimes evidence is significantly diminished where the trier of fact is not a jury but a judge. [Citation.] The prejudicial effect of other-crimes evidence is almost exclusively discussed in terms of impact on a *jury*. [Citations.] Relatedly, the concern of an overaccumulation of admissible other-crimes evidence is it could lead to confusing or misleading the jury. [Citation.]

Unlike a jury, a trial judge is presumed to know the law and to apply it correctly. [Citation.] In this context then, it is presumed the trial judge considered the evidence of other crimes only for its proper, limited purpose. [Citation.] The law thus presumes that a judge, unlike a jury, is not likely to find a defendant guilty simply because he or she is a bad person deserving punishment. [Citation.] Similarly, the admission of large or detailed amounts of other-crimes evidence that is properly admissible is not likely to mislead or confuse a trial judge. The law presumes that that evidence is not likely to 'lure the [judge] into declaring guilt on a ground different from proof specific to the offense charged.' " *Felton*, 2019 IL

App (3d) 150595, ¶¶ 47-48 (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

¶ 27    This case is about proving defendant's intent at the time he sent the text messages. The State may introduce evidence in the form of defendant's recent prior conduct in an attempt to demonstrate his intent. It is within the trial court's discretion to control, limit, and focus the nature of the evidence as to the issues related solely to the crime charged. Evidence of defendant's other crimes may be relevant in a limited capacity to prove these necessary elements. We do not make a determination on whether the State's evidence is sufficient or whether defendant is guilty of the crime charged. Our decision is limited to the narrow issue presented in the State's interlocutory appeal.

¶ 28    In sum, we determine the trial court abused its discretion in denying the State's motion to introduce other-crimes evidence. This is so because we presume the evidence is not likely to "lure the [judge] into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. This court will allow the State the opportunity to present such evidence and, accordingly, presume the trial court will consider the evidence appropriately and within the applicable limitations mentioned above.

¶ 29    Defendant urges this court to dismiss this appeal as moot because the State, he claims, charged him under a facially unconstitutional portion of the stalking statute. See *People v. Relerford*, 2017 IL 121094. The trial court considered arguments from the parties on this particular issue and took the matter under advisement until such time as it could consider evidence. We defer to the trial court on this matter until a decision on the merits is appropriate.

¶ 30                                    III. CONCLUSION

¶ 31        For the reasons stated, we reverse the trial court's order and remand for further proceedings.

¶ 32        Reversed and remanded.